IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue N.W. <br> Washington, DC 20530-0001, <br><br> and <br><br> U.S. DEPARTMENT OF STATE <br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street N.W. <br> Washington, DC 20522, <br><br> Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Justice and U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street N.W., Washington, DC 20520.  The State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. In June 2011, Saul Chavez ran over and killed William "Denny" McCann, brother of Judicial Watch client Brian McCann.  At the time, Chavez was an unlawfully present criminal alien and had just completed a two-year term of probation for a 2009 DUI conviction.  Chavez was charged with felony aggravated driving under the influence but was released by the Cook County Sheriff's Office in November 2011 despite an U.S. Immigration and Customs Enforcement (ICE) detainer.  Chavez subsequently fled to Mexico, where he has been living since.

7. According to the Chicago Tribune, Chavez was extradited from Mexico on December 9, 2022.

8. On February 1, 2023, Plaintiff submitted a FOIA request to the DOJ seeking access to Chavez's extradition records.

9. By letter dated February 1, 2023, DOJ acknowledged receipt of Plaintiff's FOIA request and advised Plaintiff that the request was referred to the Federal Bureau of Investigation, a component of DOJ.

10. By letter dated February 16, 2023, the FBI informed Plaintiff that it was denying its request pursuant to FOIA exemptions 6 and 7.

11. On February 21, 2023, Plaintiff submitted an administrative appeal to the Office of Information Policy, another component of the DOJ.

12. Later that same day, OIP acknowledged receipt of the appeal by letter.

13. By letter dated March 8, 2023, OIP affirmed the FBI's determination and stated that "the extent that non-public responsive records exist, disclosure of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(6), (7)(C)."

14. On February 1, 2023, Plaintiff submitted a similar FOIA request to the State Department seeking access to Chavez's extradition records, which include, but are not limited to, correspondence between the Office of the Legal Adviser and the U.S. Department of Justice, state and federal authorities in the U.S., courts of law, attorneys; copies of communications with Foreign Service posts serving as intermediaries in the extradition process; diplomatic correspondence to or from foreign governments; copies of interagency and intra-agency electronic communications; file and attorney notes; supporting documents such as copies of court records of the legal proceedings, including, but not limited to, charging documents such as complaints or indictments, warrants, judgments or conviction records, prosecutor and investigative affidavits, witness statements, applicable legal statutes; and identification information, including photos, fingerprints and identification numbers; committal documents,

such as the extradition order, affidavit of waiver, legal briefs and hearing transcript, decision memo to the Secretary of State or to his or her Deputy, and the surrender warrant.

15. The State Department acknowledged receipt of the request by letter dated February 6, 2023, and advised Plaintiff that they would not be able to respond within the 20 days provided by the statute due to "unusual circumstances." The request was assigned reference number F-2023-04560.

16. As of the date of this Complaint, the State Department has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records they intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

17. Plaintiff realleges paragraphs 1 through 16 as if fully stated herein.

18. Defendants are in violation of FOIA.

19. Plaintiff is being irreparably harmed by Defendants' violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with it.

20. Because OIP affirmed the FBI's final determination, Plaintiff has exhausted its administrative appeal remedies with respect to its request to DOJ.

21. To trigger FOIA's administrative exhaustion requirement, the State Department was required to make a final determination on Plaintiff's request by March 1, 2023, at the latest. Because the State Department failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies with respect to its request to the State Department.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 15, 2023

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172
mbekesha@judicialwatch.org

*Counsel for Plaintiff*